```
UNITED STATES DISRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X   Index No.:
INSURANCE COMPANY OF GREATER NEW YORK,

                            Plaintiff,
                                                                       COMPLAINT
       -against-

SOUTHWEST MARINE AND GENERAL
INSURANCE COMPANY
                            Defendant.
-------------------------------------------------------------------X
```

Plaintiff, Insurance Company of Greater New York ("GNY"), by and through its attorneys, Gerber Ciano Kelly Brady LLP, seeks a declaratory judgment against Defendant, Southwest Marine and General Insurance Company ("Southwest Marine"), and respectfully alleges the following:

## THE PARTIES

1. GNY is an insurance company formed under the laws of the State of New York, has a principal place of business in New York, and is licensed to issue insurance policies within the State of New York.

2. Upon information and belief, Southwest Marine is a corporation duly licensed to transact business in the State of New York with a principal place of business at 2999 North 44th Street, Suite 250, Phoenix, AZ 85018, and is licensed to issue insurance policies within the State of New York.

## JURISDICTION AND VENUE

3. This is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.

4. Upon information and belief, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. 1332 in that it is between citizens of different states and amount in controversy exceeds $75,000.00.

6. Venue lies in this Judicial District is proper pursuant to 28 U.S.C. 1391(a)(2) as it is the Judicial District in which the underlying lawsuit is venued in New York State Supreme Court, County of Queens.

## THE UNDERLYING ACTION

7. This lawsuit relates to a civil lawsuit against Jose Luis Martinez, M2 Contracting Corporation, and 90 Riverside Driver Corporation, in the matter captioned *Jose Luis Martinez v. M2 Contracting Corp. and 90 Riverside Drive Corp.*, Index No. 713792/2016, pending in the Supreme Court for the State of New York, County of Queens (the "Underlying Lawsuit").

8. Jose Luis Martinez (the "Underlying Plaintiff" or "Martinez") claims in the Underlying Lawsuit that he was injured when he fell from a height/ladder on October 16, 2016, when he was lawfully on the premises of 17 Penthouse East, within the co-op building located at 90 Riverside Drive, in the County, City and State of New York. (the "Premises").

9. Martinez alleges in the Underlying Lawsuit that 90 Riverside Drive Corp., ("90 Riverside") was the owner of the Premises upon which Martinez was injured.

10. Martinez alleges, among other things, that 90 Riverside owned, managed, maintained, controlled, and operated the Premises.

11. Martinez alleges in the Underlying lawsuit that M2 Contracting Corp., ("M2") entered into an agreement to perform certain work, labor, and/or services at the Premises.

12. Martinez alleges, among other things, that M2 was the general contractor and/or project manager, performing certain work, labor and/or services at the Premises and supervised and controlled all of the work and/or services performed in and about the Premises.

13. Martinez claims that the injuries and damages were as a result of height-related risks and failure to provide adequate protection against the hazards of falling.

14. Martinez alleges that the injuries and damages he suffered resulted from the careless and negligent manner in which M2 and 90 Riverside owned, maintained, controlled and performed construction work on the Premises.

15. Martinez further alleges that the defendants failed to provide him with a safe place to work, and that the defendants violated §§200, 240(1), and 241(6) of the New York Labor Law and the Industrial Code of the City and State of New York.

16. Defendant in the Underlying Lawsuit, M2, filed a cross-claim against 90 Riverside, alleging claims of negligence and breach of contract, seeking indemnification and contribution.

17. In the Underlying Lawsuit, on December 31, 2019, the Court issued a ruling on a motion for summary judgment, finding that M2 was required by the underlying contracts to contractually indemnify 90 Riverside in relation to the Underlying Lawsuit.

## THE RELEVANT CONTRACTS

18. On or about November 5, 2015, shareholders of 90 Riverside, entered into a contract as 90 Riverside as owner, and M2, as contractor, entered into a Letter of Intent Agreement for the commencement of initial portions of construction work at the Premises, prior to the finalizing of the executing of the construction contract between the parties (the "Contract").

19. The Contract pertains to the planning, design and construction of certain alterations to the Owner's residential apartment unit PHB, at 90 Riverside Drive, New York, New York.

20. Pursuant to the Contract, M2 agrees that:

In connection with the execution of this LOI, Contractor has furnished an insurance certificate identifying its coverages and limits (Attachment "2"), which are accepted by Owner. Contractor agrees to modify such coverages and limits if later required by 90 Riverside Corporation or Owner. Additionally, Contractor shall modify the following and provide a revised certificate of insurance before the commencement of any Work:
    (i)    Additional Insureds:
           90 Riverside Corp.—90 Riverside Drive, New York, NY 10024; Argo Real Estate LLC – 50 W. 17th Street, New York, NY 10011; Gil Forer – 90 Riverside Drive (PH B), New York, NY 10024; Cara Eisen – 90

        Riverside Drive (PH B), New York, NY 10024; Baxt Ingui Architects, P.C. – 20 Vessey St., #900, New York, NY 10007; and the directors, employees, agents, and successors and assigns of each of them.

21. Under the Contract, M2 agrees that:

Indemnification.
   a. In consideration of the LOI, and to the fullest extent permitted by law, the Contractor shall defend, and shall indemnify and hold harmless, at Contractor's sole expense, the Owner, 90 Riverside Corp., Argo Real Estate LLC, the Architect, and the consultants and agents and employees of any of them (the "Indemnified Parties") from and against all liability, or claimed liability, damages, losses, demands, causes of action, costs, disbursements, and attorneys' fees and related cots (including but not limited to attorneys' fees in connection with any appeals, enforcement of judgment and claim for attorney's fees, and further without limitation, also including court costs, expert witness fees and expenses and any resulting settlement, judgment or award) for
      (i) bodily injury, sickness, disease or death, or
      (ii) injury or damage to or destruction of tangible property (other than Contractor's own Work), or
      (iii) economic damage,
   arising out of or resulting from the Work covered by this LOI to the extent such Work was performed by or contracted through the Contractor or by anyone for whose acts the Contractor may be held liable, excluding only liability created by the sole and exclusive negligence of the Indemnified Parties. It is further understood that in the event that a court of competent jurisdiction determines that any of the indemnification obligations hereunder are unenforceable in whole or in part, Contractor's obligation to indemnify shall be replaced with the strictest enforceable indemnification provision allowable by such laws.
   b. In claims against any person or entity indemnified under Section IO(a) by an employee of the Contractor, a Subcontractor, anyone directly or indirectly employed by them or anyone for whose acts they may be liable, the indemnification obligation under Section IO(a) shall not be limited by a limitation on amount or type of damages, compensation or benefits payable by or for the Contractor or a Subcontractor under workers' compensation acts, disability benefit acts or other employee benefit acts.
   c. This indemnity agreement shall survive the completion or termination of this LOI.

22. Under the Contract, M2 was required procure commercial general liability insurance and excess liability insurance in connection with M2 planning, design, construction and certain alterations to the Premises. M2 agreed to add 90 Riverside as an additional insured on its policies including the Southwest Marine Policy.

23. GNY issued policy 6131A00000 to Argo Real Estate Corp., with effective dates from September 30, 2015 until cancelled (the "GNY Policy").

24. 90 Riverside is a named insured under the GNY Policy.

25. The date of the Underlying Incident, October 16, 2016, falls within the policy period of the GNY Policy.

26. GNY is providing defense coverage to 90 Riverside in connection with the Underlying Lawsuit under the terms of the GNY Policy.

27. Upon information and belief, Southwest Marine issued a policy of insurance bearing policy no. GL2016RLH00069 with effective dates of February 21, 2016 to February 21, 2017 (the "Southwest Marine Policy")

28. The date of the Underlying Incident, October 16, 2016, falls within the policy period of the Southwest Marine Policy.

29. 90 Riverside qualifies as an additional insured under the Southwest Marine Policy.

30. GNY provided Southwest Marine with written notice of the Underlying Lawsuit and requested Southwest Marine provide 90 Riverside with primary defense and indemnity coverage under the Southwest Marine Policy in connection with the Underlying Lawsuit.

31. GNY also requested that Southwest Marine acknowledge common law and contractual indemnification obligations owed by M2 to 90 Riverside in relation to the Underlying Lawsuit.

32. Despite these requests, Southwest Marine has improperly denied a defense and indemnification to 90 Riverside.

**AS AND FOR A FIRST CAUSE OF ACTION
(DECLARATORY JUDGMENT – DUTY TO DEFEND)**

33. GNY repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein again at length.

34. Upon information and belief, 90 Riverside meets the definition of an additional insured under the Southwest Marine Policy.

35. Upon information and belief, the liability alleged in the Underlying Lawsuit falls within the scope of defense coverage available to 90 Riverside under the Southwest Marine Policy.

36. Upon information and belief, the allegations against 90 Riverside in the Underlying Lawsuit are not excluded from defense coverage under the Southwest Marine Policy, and Southwest Marine has not raised the potential applicability of any exclusionary clause to bar defense coverage for 90 Riverside.

37. Upon information and belief, all conditions precedent to coverage under the Southwest Marine Policy as related to 90 Riverside are met, and Southwest Marine has not raised the potential applicability of any condition precedent as a bar to defense coverage for 90 Riverside.

38. Upon information and belief, the Southwest Marine Policy applies on a primary basis for the defense coverage available to 90 Riverside in connection with the Lawsuit, with the GNY Policy applying in excess of the Southwest Marine Policy.

39. Upon information and belief, Southwest Marine has waived and/or is estopped from raising any coverage defenses it may have under the Southwest Marine Policy pursuant to New York Insurance Law § 3420(d) and common law.

40. An actual dispute and controversy exist between the parties hereto concerning Southwest Marine's defense obligation owed to 90 Riverside under the Southwest Marine Policy.

41. The parties have no adequate remedy at law.

42. A declaratory judgment under 28 U.S.C. §2201 is necessary and appropriate to determine the rights and duties of the parties.

## AS AND FOR A SECOND CAUSE OF ACTION
## (DECLARATORY JUDGMENT – DUTY TO INDEMNIFY)

43. GNY repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein again at length.

44. Upon information and belief, 90 Riverside meets the definition of an additional insured under the Southwest Marine Policy.

45. Upon information and belief, the liability alleged in the Lawsuit falls within the scope of indemnity coverage available to 90 Riverside under the Southwest Marine Policy.

46. Upon information and belief, the allegations against 90 Riverside in the Underlying Lawsuit are not excluded from indemnity coverage under the Southwest Marine Policy, and Southwest Marine has not raised the potential applicability of any exclusionary clause to bar indemnity coverage for 90 Riverside.

47. Upon information and belief, all conditions precedent to indemnity coverage under the Southwest Marine Policy as related to 90 Riverside are met, and Southwest Marine has not raised the potential applicability of any condition precedent as a bar to indemnity coverage for 90 Riverside.

48. Upon information and belief, the Southwest Marine Policy applies on a primary basis for the indemnity coverage available to 90 Riverside in connection with the Underlying Lawsuit.

49. Upon information and belief, Southwest Marine has waived and/or is estopped from raising any coverage defenses it may have under the Southwest Marine Policy pursuant to New York Insurance Law § 3420(d) and common law.

50. An actual dispute and controversy exist between the parties hereto concerning Southwest Marine's indemnification obligation owed to 90 Riverside under the Southwest Marine Policy.

51. The parties have no adequate remedy at law.

52. A declaratory judgment under 28 U.S.C. §2201 is necessary and appropriate to determine the rights and duties of the parties.

### AS AND FOR A THIRD CAUSE OF ACTION
### (REIMBURSEMENT – DEFENSE-RELATED COSTS AND EXPENSES)

53. GNY repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein again at length.

54. Upon information and belief, Southwest Marine wrongfully failed to provide defense coverage to 90 Riverside for the Underlying Lawsuit on a primary basis.

55. Upon information and belief, Southwest Marine's failure to afford defense coverage to 90 Riverside for the Underlying Lawsuit on a primary basis breached the terms of the Southwest Marine Policy.

56. As a direct and proximate result of Southwest Marine's failure to provide defense coverage in violation of its obligations set forth in the Southwest Marine Policy, 90 Riverside has incurred and GNY has paid defense-related costs and expenses.

57. Southwest Marine is liable to pay damages in the form of all defense-related costs and expenses that GNY has paid on behalf of 90 Riverside in connection with the Lawsuit, from the date of initial tender to present, plus interest.

### AS AND FOR A FOURTH CAUSE OF ACTION
### (EQUITABLE CONTRIBUTION – DUTY TO DEFEND)

58. GNY repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein again at length.

59. GNY has paid, and likely will continue to pay, substantial amounts of money in connection with the defense of 90 Riverside in connection with the Underlying Lawsuit.

60. Upon information and belief, Southwest Marine has an obligation to provide, among other things, primary defense coverage to 90 Riverside in connection with the Underlying Lawsuit,

and to pay an equitable portion of the defense-related costs and expenses incurred by GNY on behalf of 90 Riverside in connection with the Underlying Lawsuit.

WHEREFORE, GNY respectfully requests that the Court enter judgment:

1. Declaring that Southwest Marine owes primary duties to defend and indemnify 90 Riverside in connection with the Underlying Lawsuit;

2. Ordering Southwest Marine to pay damages in an amount to be proven at trial;

3. Ordering Southwest Marine to reimburse any overpayment of defense-related costs and expenses incurred on behalf of 90 Riverside, and paid by GNY, in connection with the Underlying Lawsuit;

4. Ordering Southwest Marine to pay costs and interests;

5. Awarding reasonable attorneys' fees, costs, interests and disbursements to GNY plus interest; and

6. Ordering such other and further relief as this Honorable Court deems just, equitable and proper including interest, costs and attorneys' fees.

Dated: January 26, 2026

GERBER CIANO KELLY BRADY LLP

By: _____
Richard Zielinski, Esq.
PO Box 1060
Buffalo, NY 14201
716-306-6593
rzielinski@gerberciano.com

**Mailing Address**
PO Box 1060
Buffalo, NY 14201